**Application of Ettore Da FANO.**
**Pat. Appeal No. 9159.**

United States Court of Customs
and Patent Appeals.
July 12, 1973.

———◆———

James W. Geriak, Thomas D. Kiley, Los Angeles, Cal., Jesse B. Grove, Jr., Arlington, Va., Lyon & Lyon, Los Angeles, Cal., attorneys of record, for appellant.

Joseph F. Nakamura, Acting Solicitor for the Commissioner of Patents. Robert D. Edmonds, Oakton, Va., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

1. U.S. 2,822,344, issued February 4, 1958.

2. Serial No. 501,727, filed April 5, 1955.

MARKEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection of claims 1–5 in appellant's application serial No. 812,969, filed March 28, 1969, for "Resin Composition" as anticipated by Duhnkrack.[1] We affirm.

The present application is a continuation of the application [2] involved in the earlier case of In re Da Fano, 55 CCPA 1134, 392 F.2d 280 (1968). For a discussion of the invention involved and the disclosures of Duhnkrack as well as the resolution of the issue of the adequacy of the affidavit filed under Rule 131 to remove this patent as a reference, this court's earlier opinion is incorporated herein *in toto*.

As a result of the decision in that case, appellant allowed the parent application to issue with claims restricted to the quaternary ammonium salts as gelation inhibitors and filed this continuation with claims limited to catalyzed compositions containing tertiary amine salts as inhibitors.[3] The only addition to the record of the prior case consists of affidavits by Parker and Moffett, persons acknowledged to be at least of ordinary skill in the art if not experts. Parker in his affidavit avers that he has examined the Rule 131 affidavit of Da Fano (said affidavit having been held in *Da Fano* to establish a reduction to practice employing a quaternary ammonium salt as gelation inhibitor) and that

[h]e believes that at a time prior to July 6, 1954, one of ordinary skill in the polyester resin art would have been convinced to a reasonable certainty of the interchangeability of tertiary amine hydrohalides and quarternary ammonium salts as gelation inhibitors in the said copolymerization, once given copolymerization in the presence of resin soluble copper and the quaternary ammonium salt. At a time prior to July 6, 1954, he would have been convinced to a reasonable

3. A terminal disclaimer was also filed to obviate any question of double patenting.

certainty that tertiary amine hydrohalides could be employed in the copolymerization interchangeably with the quaternary ammonium salt inhibitors, once given the copolymerization. He is now and would prior to July 6, 1954, have been aware of no reason why the interchangeability of the two inhibitors apparent from comparing his U.S.P. Nos. 2,593,787 and 2,646,416 (both issued prior to July 6, 1954) would be in anywise affected by their employment with resin soluble copper in the Da Fano copolymerization. In fact, it is not.

The Moffett affidavit contains similar statements.

In the earlier case it was held that appellant could not rely solely upon prior art teachings of the equivalency of tertiary amine salts and quaternary ammonium salts as gelation inhibitors in similar systems, but not containing copper salts, to indirectly antedate the tertiary amine species disclosed in the Duhnkrack patent. The issue now before us is whether the test for determining the adequacy of a Rule 131 affidavit as set forth in In re Clarke, 53 CCPA 954, 356 F.2d 987 (1966) and applied in Da Fano, has been satisfied in light of these newly submitted affidavits, purportedly addressed to the generic significance of the showing made in the Da Fano affidavit. Thus we must determine "whether the showing would convince one of ordinary skill in the art to a reasonable certainty that the applicant possessed so much of the invention as to encompass the reference disclosure." Da Fano, 55 CCPA at 1138, 392 F.2d at 284.

We would note in passing that the solicitor has argued that the Clarke test is inapposite in the present case, the claims here being directed solely to tertiary amine salts rather than to the genus consisting of quaternary ammonium salts and tertiary amine salts. Statements of this court in In re Gladrow, 56 CCPA 927, 406 F.2d 1376 (1969) are said to distinguish the Clarke situation wherein a claim to a genus was being sought from the situation wherein a claim to the reference species is being sought. In Gladrow it is made clear that indirect antedating of a reference species by showing prior invention of other patentably indistinct species is not available in the latter type of situation.

We consider drawing such a factual distinction under the present circumstances to be extremely harsh. Instead we agree with appellant, as urged at oral argument, that the parent application and the present continuation must be considered together and the invention disclosed therein viewed as a whole. Thus a genus-species situation does exist and the Clarke standard is applicable.

At the same time, we do not find it necessary or proper to consider arguments as to whether or not the Duhnkrack patent is in fact a 102 reference. It was conceded in the earlier case and here that the appealed claims are unpatentable over Duhnkrack. No reason of appeal has been directed to the present application of the reference under 35 U.S.C. § 102. Hence we find no reason to deviate from the assumption of the earlier opinion that the tertiary amine salts of Duhnkrack also act as gelation inhibitors.

It was within this frame of reference that the Board of Appeals reviewed the affidavits of Parker and Moffett and found them inadequate to change this court's previous holding on the sufficiency of the Da Fano affidavit to antedate the Duhnkrack reference as to the tertiary amine salts. Referring to this court's earlier discussion of the inapplicability of In re Fong, 48 CCPA 897, 288 F.2d 932 (1961), to the facts of this case, the board quoted our statement that:

> * * * there is no showing here that the copper compounds act independently of the other materials in the composition. The evidence before us, in fact, is to the contrary. Appellant's specification states that the beneficial effects of the copper salts "occur to best advantage" only when using these two classes of gelation in-

hibitors rather than certain other prior art gelation agents specifically mentioned.

Then turning to the present case, the board stated:

The present record is no more convincing to us than the record before the court, as the two opinion affidavits are silent on the above point raised by the court's reading of appellant's specification. Nor does either affidavit indicate that appellant conceived of using the tertiary amine species, or that he considered any other species to be equivalent to the quaternary ammonium species he tested.

On this failure of appellant to demonstrate that *he* had established the equivalency of the two classes of gelation inhibitors here involved prior to the effective date of Duhnkrack, the board affirmed the 102 rejection.

Appellant maintains that the board "missed the point" in that its attention should have been directed toward the requirements of *Clarke*, as applied in *Da Fano*, rather than the discussion of the implications of *Fong*. It is appellant's basic contention that the augmented showing, or more precisely the prior showing taken in conjunction with the affidavits of Parker and Moffett as to its broader generic significance, provides persuasive evidence that *one of ordinary skill in the art* would be convinced that Da Fano possessed so much of the invention as to encompass the tertiary amine salts of the reference prior to the effective date thereof. Thus it is argued that the prior statement of the court, in applying the *Clarke* standard, that there is nothing in the showing "which might persuade one of ordinary skill in the art that the inventor possessed the tertiary amine salts of the Duhnkrack reference" no longer holds true.

We cannot agree. The evidence still stands that copper compounds only function "to best advantage" when a quaternary ammonium or tertiary amine gelation inhibitor is employed. No rebuttal

has been offered on this point. Nor has the scope of the inventor's own work prior to the date of the reference been expanded by the newly submitted affidavits. This court's prior holding that there was nothing in the Da Fano affidavit "to indicate that the inventor considered all gelation agents, or these two specifically, to be equivalent in the presence of copper" remains unchallenged.

All of this must be taken into consideration. Statements by persons of ordinary or greater skill in the art cannot be used to infer generic applicability from the inventor's reduction to practice of a single species when, as here, it has been established that the action of that species was not independent of the environment in which it was employed.

Accordingly, no basis exists for changing the holding of our prior opinion. The decision of the board is *affirmed*.

Affirmed.